IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DENNIS SOCHOR,

      Petitioner,

vs.                    Case No. 05-61534-CIV-MARTINEZ-BANDSTRA

JAMES CROSBY, Secretary,
Florida Department of Corrections,
and CHARLES J. CRIST, Attorney General,
      Respondent.
_____/

STATE'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

On October 11, 2005, undersigned counsel received an order dated October 7, 2005, setting a planning and scheduling report. Therein this Court assumes that discovery and settlement discussions are appropriate under Local Rules 16.1 D.

However any discussions pertaining to discovery at this point are grossly premature, as this is a federal habeas petition filed by a capital inmate in state custody and is therefore governed by 28 U.S.C. §2254. Therein, petitioner must demonstrate that he is entitled to an evidentiary hearing on his claims. See 28 U.S.C. §2254(e)(2); Williams v. Taylor, 529 U.S. 420 (2002); Breedlove v. Moore, 279 F.3d 952, 960 (11th Cir. 2002). When directed to respond to the petition, the state will illustrate how petitioner has failed to meet his burden regarding his entitlement to an evidentiary hearing on any his claims.

Furthermore, pursuant to Rule 4 of the Rules Governing 28 U.S.C. §2254, the district court may determine that the petitioner is not entitled to relief and summarily dismiss the petition. Otherwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

And finally, petitioner has filed a ninety seven (97) page petition, and a forty-four (44) page memorandum of law raising twelve (12) claims. Prior to this petition, Sochor, has completed a direct appeal, and certiorari review of same, <u>Sochor v. State</u>, 580 So. 2d 595 (Fla. 1991); <u>Sochor v. Florida</u>, 504 U.S. 527 (1992); <u>Sochor v. State</u>, 619 So. 2d 285 (Fla. 1993); and post conviction appeal and original habeas petition. <u>Sochor v. State</u>, 883 So. 2d 766 (Fla. 2004). Consequently in addition to presenting a response to the underlying substantive claims, the state will also present all affirmative defenses including procedural defaults, and any other which may apply. As such, the State respectfully requests the time for the filing of the response be set ninety (90) days from the date of the order to show cause.

WHEREFORE, the State respectfully request that this Court rescind its order of October 7, 2005 and render whatever alternative orders deemed appropriate.

CHARLES J. CRIST JR.

ATTORNEY GENERAL

_____
CELIA A. TERENZIO
ASSISTANT ATTORNEY GENERAL
FLA. BAR NO. 0656879
1515 N. FLAGLER DR..
    SUITE 9300
WEST PALM BEACH, FL. 334019
(561) 837-5000

ATTORNEY FOR RESPONDENT

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was sent by United States mail, postage prepaid, to Rachel Day, OFFICE OF THE CAPITAL COLLATERAL REGIONAL COUNSLE, 101 N.E. 3rd Avenue, Suite 400, Fort Lauderdale, Florida 33301, this 4th day of November, 2005.

_____
CELIA A. TERENZIO
Assistant Attorney General

iii